UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 11-32-ART |
| v. ) ) | |
| JIMMY NELSON, et al., ) ) | |
| Defendants/Third-Party Plaintiffs, ) ) | **MEMORANDUM OPINION & ORDER** |
| v. ) ) | |
| JOHN THOMAS CLARK, et al., ) ) | |
| Third-Party Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Usually, you get what you pay for. But here, the plaintiffs, Jimmy and Tawana Nelson, were denied insurance coverage after their house burned down. Unfortunately for the Nelsons, Nationwide Mutual Fire Insurance Company figured out that the Nelsons made a material misrepresentation on the insurance application which may void the entire policy. The Nelsons fully admit that they made a mistake, but assert that it was not intentional, and that fault lies with the insurance agent who sold them the policy, John Thomas Clark. The Nelsons, however, cannot maintain an action against Clark because as an insurance agent, he did not owe them a duty to ensure that they completed an accurate insurance application. The Court must grant Clark's motion to dismiss the third-party complaint against him. In addition,

Nationwide filed a motion for judgment on the pleadings, but it is too early in the proceedings to find in favor of either the Nelsons or Nationwide. The Court must therefore deny Nationwide's motion.

**BACKGROUND**

In December 2006, Jimmy and Tawana Nelson purchased a home in Johnson County, Kentucky. R. 14 at 5. The Nelsons then did the smart thing: they insured their home. *Id*. The Nelsons purchased the insurance policy from Nationwide Mutual Fire Insurance Company through Nationwide's agent, John Thomas Clark. *Id*. Tragically, in August 2010, a fire destroyed the Nelsons' home. *Id*. at 11. The Nelsons subsequently filed a claim with Nationwide to recover the limits of their insurance policy for loss of their home and other items in the house. *Id*. at 12–13. But Nationwide refused to pay. *Id*. at 13.

Instead, Nationwide filed an action in federal court to declare the policy null and void. R. 1. Why such hostile treatment of its own customers? Nationwide gave three reasons. First, Nationwide alleged that it issued the policy based on false statements the Nelsons made in their application. *Id*. at 3. Specifically, the Nelsons represented that neither of them had been convicted of a felony offense in the preceding ten years. *Id*. But, as the Nelsons readily admit, Jimmy Nelson was indeed convicted of a felony offense during that period. R. 14 at 3. Second, Nationwide asserted that the Nelsons intentionally set fire to their home. R. 1 at 4. And as one might expect, the policy strictly prohibits recovery for losses from intentional acts. R. 47-3. Finally, Nationwide argues that the Nelsons violated the policy by failing to

2

provide requested records and documents to assist in Nationwide's investigation of the fire. R. 1 at 4.

In response, the Nelsons admitted that they misrepresented Jimmy's criminal history, but claimed that this mistake was unintentional. R. 14 at 10. Additionally, the Nelsons asserted cross-claims against Clark and Nationwide. The Nelsons alleged that Clark and Jimmy Nelson were friends, and that Clark assisted the Nelsons and "allowed" them to complete the application, even though Clark knew that Jimmy was a convicted felon. *Id*. at 9. As a result, the Nelsons argue, Nationwide "waived any defenses that it could raise as a result of the inaccurate information," *id*., and was obligated to pay the claim. *Id*. at 13.

The cross-claim against Clark, however, was improper because he was not an original party to the declaratory action. But the Court permitted the Nelsons to file a third-party complaint against Clark. R. 18. Unsatisfied, the Nelsons also filed an action in Kentucky state court, naming Nationwide and Clark as defendants. R. 39-1. Soon after, Nationwide and Clark removed the action to federal court, asserting that the Nelsons fraudulently joined Clark to destroy diversity jurisdiction. R. 39. The Nelsons filed a motion to remand the case, but Judge Caldwell denied the motion, holding that the Nelsons fraudulently joined Clark because there was "no reasonable basis for predicting that a Kentucky court would hold Clark liable" to the Nelsons. *Nelson v. Clark*, 2011 WL 4900028, at *3 (E.D. Ky. Oct. 14, 2011). Judge Caldwell then transferred the case to this Court to consolidate the actions. R. 44. Clark subsequently moved to dismiss the third-party complaint against him, R. 45, and

Nationwide moved for declaratory judgment on the pleadings, R. 47. Both motions are now before the Court.

## DISCUSSION

**I.     Clark's Motion to Dismiss**

The Nelsons oppose Clark's motion to dismiss, but they start with a major disadvantage. Judge Caldwell already determined that the Nelsons fraudulently joined Clark. And, as this Court has recognized in the past, fraudulent joinder is a jurisdictional doctrine, *see Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492–93 (6th Cir. 1999), making a defendant's burden "even more stringent than the motion to dismiss standard," *Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4602747, at *5 (E.D. Ky. Oct. 16, 2008) (Thapar, J.). Judge Caldwell's decision should have provided the Nelsons with a gauge of how Clark's motion to dismiss would pan out: because the Nelsons already lost on the stricter standard for fraudulent joinder, it makes little sense that they could survive the more lenient standard for dismissal.

Predictably, there is "no set of facts in support of [the Nelsons'] claim which would entitle [them] to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Nelsons claim that Clark is liable to them because he either negligently or intentionally permitted the Nelsons to put false information on their insurance application. R. 14 at 9. For the purposes of Clark's motion, the court must accept as true the allegation that Clark knew that Jimmy Nelson was a convicted felon. *See Herron*, 203 F.3d at 414.

But even so, the Nelsons do not state a cause of action because Clark does not owe a duty to the Nelsons to protect them from themselves. As an insurance agent,

4

Clark's principal obligation is to Nationwide "to deal in good faith and to carry out [Nationwide's] instructions." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 248 (Ky. 1992). Kentucky courts recognize that insurance agents can assume a duty to advise the insured, but the insured must show that (1) he gave the agent consideration beyond mere payment of the premium; (2) he had a course of dealing over an extended period of time that would put an objectively reasonable agent on notice that his advice is being sought and relied on; or (3) he explicitly requested advice from the agent. *Id.* (internal citations omitted).

Here, the Nelsons have not alleged facts suggesting that Clark assumed a duty to advise. The closest the Nelsons get is alleging that Clark was a "lifelong friend" of Jimmy Nelson, R. 49 at 4, but this fact does not establish a course of dealing over an extended period of time. In fact, rather than allege a continuous business relationship, the Nelsons claim that Clark sought them out to purchase the insurance and then rushed the transaction to completion. R. 48 at 5, 10. The Nelsons do not allege that they paid Clark more than the premium or that they expressly asked Clark for advice on whether to answer the convicted felon question truthfully. Rather, they simply allege that Clark assisted them in filling out the application. *Id.* at 3, 5.

Because the Nelsons cannot establish that Clark owes them a duty, they lack the most fundamental element of a negligence claim. *See Mullins*, 839 S.W.2d at 247 (listing the elements of a negligence claim as "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury"). Thus, the Nelsons cannot maintain an action against Clark.

## II. Nationwide's Motion for Judgment on the Pleadings

Nationwide also seeks judgment on the pleadings. But based on the pleadings alone, Nationwide cannot demonstrate how the Nelsons' misrepresentations affected their decision to issue the policy. Similarly, more information is needed on Nationwide's additional grounds for declaratory relief. Thus, Nationwide is not "clearly entitled to judgment." *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007))).

### A. Additional Discovery is Needed To Demonstrate that the Misrepresentation Voids the Policy

Nationwide's policy explicitly "does not provide coverage for any insured" if the applicant "intentionally concealed or misrepresented any material fact or circumstance which would have caused [Nationwide] not to issue" the policy. R. 47-3. Question two of the policy's supplemental application asks whether the applicant or a member of the applicant's household has "been convicted of a felony in the past 10 years." R. 47-10 at 1. Jimmy Nelson initialed on the line next to "No" under the question. *Id*. The Nelsons now unequivocally admit that this response was false. R. 14 at 3. Yet on page two of the supplemental application, the Nelsons signed their names immediately under the statement "I hereby declare that the facts state in the above supplemental application are true . . . ." R. 47-10 at 2. Clearly the Nelsons

6

violated the terms of the policy. This, however, does not end the inquiry. Under Kentucky Revised Statute § 304.14-110, misrepresentations in an application for an insurance policy do "*not* prevent recovery under the policy" *unless* the misrepresentations are "material either to the acceptance of the risk or to the hazard assumed by the insurer" (emphasis added). That is, if the applicant had provided true information and the insurer "in good faith" would not have issued the policy at all, set the same premium rate or policy limits, or "provided coverage with respect to the hazard resulting in the loss," the applicant may be prevented from recovering under the policy. *Id*.

Here, Nationwide says that it would not have issued the policy to the Nelsons if they had not made the misrepresentation. R. 47-2 at 6. But the Nelsons rightly point out that it is Nationwide's responsibility to demonstrate this with additional proof. R. 48 at 4. In a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Tucker*, 539 F.3d at 549. Because the Nelsons contest that Nationwide would not have issued the policy, R. 48 at 4, the Court cannot at this time determine that the misrepresentation should nullify the policy.

### B. The Cause of the Fire and the Nelsons' Alleged Failure to Cooperate With Nationwide's Investigation are Factual Issues

Nationwide also insists that it is entitled to judgment because the Nelsons intentionally set fire to their home, R. 1 at 4, and because they have not provided requested records and documents to assist the claims investigation, *id*. at 4. But the Nelsons deny both of these claims, R. 14 at 4, and the Court cannot make factual

findings at this stage in the proceedings. Thus, Nationwide is not entitled to judgment on these claims.

## CONCLUSION

Accordingly, it is **ORDERED** that Clark's motion to dismiss the third-party complaint, R. 45, is **GRANTED**. The claims asserted against Clark are **DISMISSED WITH PREJUDICE**. Further, it is **ORDERED** that Nationwide's motion for declaratory judgment on the pleadings, R. 47, is **DENIED**. At this time, a telephone conference is necessary to discuss discovery in this case. It is **ORDERED** that a telephone conference is **SCHEDULED** for **Monday, January 9, 2012**, at **11:00 a.m.** The parties must **DIAL IN** to this conference call **five minutes early** by following these steps:

(1) Call AT&T Teleconferencing at 1-877-873-8017;

(2) Enter access code 8284218 (followed by "#"); and

(3) When requested, enter the security code, 0109 (followed by "#").

This the 21st day of December, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge

8