UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | Civil No. 11-32-ART ) ) |
| v. | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| JIMMY NELSON, et al., | ) ) |
| Defendants. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jimmy Nelson lied on his homeowner's insurance application. Almost everyone lies. But lying has its consequences. Some liars, like Pinocchio, pay physical penalties for their fabrications. Others find themselves immortalized in the English language, their names eponymous with their deceits: Charles Ponzi for purveyors of predatory financial schemes, Benedict Arnold for traitors, and Baron Münchausen for delusional raconteurs of fantastic adventures. After Nelson's lie, he quickly learned that Nationwide was no longer on his side.

## BACKGROUND

In December of 2006, Jimmy and Tawana Nelson purchased a house in Johnson County, Kentucky. R. 14 at 5 ¶ 2. The Nelsons also purchased home insurance. *Id.* In filling out the policy application, Mr. Nelson claimed that neither he nor his wife had been convicted of a felony in the last ten years. R. 8-1 at 1. However, as the Nelsons now admit, Mr. Nelson was convicted of a felony during that period. R. 14 at 3 ¶ 4.

When a fire damaged their home in August of 2010, Nationwide refused to pay the Nelsons' claim for their losses. *Id.* at 11–12 ¶¶ 16–17, 19. Instead, Nationwide filed an action in federal court seeking to declare the policy void. R. 1. Nationwide now moves for summary judgment, arguing that the policy would not have been issued if Mr. Nelson had told the truth. R. 84. The Nelsons insist that this was an honest mistake and argue that the false answer did not void the policy. R. 85.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). Since Nationwide brought the motion, the Court must view the evidence in the light most favorable to the Nelsons and draw all justifiable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). That presumption does not mean, however, that the Nelsons have no burden. To survive summary judgment, the Nelsons must identify sufficient evidence in the record for a reasonable jury to return a verdict for them at trial. *Id.*. The Court assesses the legal sufficiency of the evidence, not its credibility or weight. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (collecting cases applying Rule 56(c) and Rule 50).

### II. Analysis

The Nelsons argue that summary judgment is inappropriate because they have presented evidence that Mr. Nelson's answer was "a simple mistake," not an intentional misrepresentation. R. 85-3 ¶ 9; *see also* R. 85-2 (deposition testimony that answer was "a

simple mistake"). Thus, the Nelson's claim, the question of Mr. Nelson's intent when filling out the policy application creates a genuine issue for the jury. *See* R. 85-1 at 9 (citing *Allstate Indem. Co. v. Shoopman*, Civil No. 09-83-KSF, 2009 WL 2342736 (E.D. Ky. July 28, 2009)).

But Kentucky law says otherwise. Kentucky Revised Statute section 304.14-110 provides that misrepresentations in an insurance policy application "shall not prevent a recovery under the policy or contract unless either: (1) Fraudulent; or (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) The insurer in good faith would [] not have issued the policy or contract . . . ." The Kentucky courts have determined that section 304.14-110 exists to ensure insurance applicants are "honest and forthright in their representations." *Progressive N. Ins. Co. v. Corder*, 15 S.W.3d 381, 383 (Ky. 2000) (quoting *State Farm Mut. Auto Ins. Co. v. Crouch*, 706 S.W.2d 203, 207 (Ky. Ct. App. 1986)). And where the policy would not have issued without the false statement, the statute voids the policy at its inception—as if the policy never existed. *See Progressive Specialty Ins. Co. v. Rosing*, 891 F. Supp. 378, 380 (W.D. Ky. 1995) (citing *Conner v. Shelter Mut. Ins. Co.*, 779 F.2d 335 (6th Cir. 1985) and *Crouch*, 706 S.W.2d at 205–07).

Courts applying Kentucky law have therefore consistently held that an insurance company may void a policy based on a material misrepresentation regardless of the applicant's intent. *See Cont'l Cas. Co. v. Law Offices of Melbourne Mills, Jr., PLLC*, 676 F.3d 534, 539 (6th Cir. 2012) ("[T]he plain language of the statute requires only that the misrepresentation be 'material.'"); *Upton v. W. Life Ins. Co.*, 492 F.2d 148, 149 (6th Cir. 1974) ("[T]he element of fraud is unnecessary when the false representation is material to the risk." (quoting *Equitable Life Assurance Soc'y of U.S. v. Phillips*, 141 S.W.2d 861, 862 (Ky.

3

1940))); *John Hancock Mut. Life Ins. Co. v. Conway*, 240 S.W.2d 644, 646 (Ky. 1951) ("[T]his Court has uniformly held that a material representation in an application for an insurance policy, though innocently made, will avoid it . . . ."); *Ford v. Commonwealth Life Ins. Co.*, 67 S.W.2d 950, 950 (Ky. 1934) ("[R]epresentations made to an insurance company which are false and material to the risk will defeat recovery on the policy issued thereon even though they were made innocently . . . ."); *Sergent v. Auto Owners Life Ins. Co.*, No. 2009-CA-001430-MR, 2010 WL 4137448, at *3 (Ky. Ct. App. Oct. 22, 2010) ("[I]f the misrepresentation is material . . . then the applicant's intent in making the misrepresentation has no consequence."); *Hornback v. Bankers Life Ins. Co.*, 176 S.W.3d 699, 705 (Ky. Ct. App. 2005) ("When an insured misrepresents material facts on the application, the insurer is justified in denying coverage and rescinding the policy." (citing *Crouch*; KRS section 304.14-110)).

Under section 304.14-110 and the uncontested facts, Nationwide is entitled to judgment "as a matter of law." Fed. R. Civ. P. 56(c). Nationwide has established the absence of any genuine issue on the two material facts necessary to void the policy under section 304.14–110. First, Mr. Nelson's answer on the insurance application regarding his felony status was, at the very least, incorrect. *See* Ky. Rev. Stat. § 304.14-110. The Nelsons admit this. R. 13 at 3. Second, Nationwide would not have issued the policy if Mr. Nelson had given a true answer. *See* Ky. Rev. Stat. § 304.14–110(2), (3); *Conway*, 240 S.W. at 646. Nationwide offered sworn testimony from its product manager, Delma Locke, that Nationwide's guidelines forbid issuing policies to individuals with a felony conviction in the last ten years. *See* R. 86-2; R. 86-3. The Nelsons offer no evidence to suggest otherwise, even though they were granted extra time to find such evidence. *See* R. 79 (extending

4

discovery to allow the Defendants to conduct another deposition). Nationwide's uncontested evidence thus forecloses the possibility of a jury finding for the Nelsons on the issue. *Cf. Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (explaining that a moving party may meet its summary judgment burden by presenting evidence that "foreclose[s]" the issue in the moving party's favor).

Nevertheless, the Nelsons argue that summary judgment is inappropriate because the insurance policy's Concealment or Fraud provision states that the policy will be void if the applicant "intentionally misrepresented any material fact or circumstances which would have caused [Nationwide] not to issue or renew this policy." R. 85-1 at 5; *see also* R. 84-2. They assert that this argument restricts Nationwide to voiding the policy only for intentional misrepresentations, not innocent ones. R. 85-1 at 5–7. In making this argument, the Nelsons lean heavily on Kentucky's rule that the terms of a policy must be strictly construed against the insurer when the insurer drafted the policy. *See id.* at 6 (citing *Wolford vs. Wolford*, 662 S.W.2d 835 (Ky. 1984)); *see also* R. 93 at 2–3. That rule of construction, however, applies only where the insured has a duty—pursuant to a binding policy—that must be construed. *Cf. St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994) (declaring rule applies where "coverage is available" under a reasonable interpretation of a binding policy). Nationwide's power to void the policy resides in the statute itself, not the terms of the policy. *See, e.g.*, *Cont'l Cas. Co.*, 676 F.3d at 538–41. And when a policy is voided under section 304.14-110 it is retroactively undone, "void *ab initio*." *Crouch*, 706 S.W.2d at 207; *Rosing*, 891 F. Supp. at 381 (applying section 304.14-110 to hold "that the policy is void in its inception"); *see also* Lee R. Russ and Thomas F.

5

Segalla, 2 Couch on Insurance § 30:3 (3d Ed. Clark, Boardman, Callaghan 1996) (analogizing voiding a policy to annulling a marriage). Like an annulled marriage, it is as if there was never a binding agreement between the insurer and the insured. So there is nothing to construe against the insurer. *See Rosing*, 891 F. Supp. at 381 (citations omitted); *Ford*, 67 S.W.2d at 951 (describing a void policy as being "destroyed"); *cf. Interstate Ins. Grp. v. Musgrove*, 11 F. App'x 426, 428 (6th Cir. 2001) (holding that an insurer had no obligations to the insured under a void policy). The Concealment or Fraud provision thus cannot override section 304.14–110's right of rescission because the statute secures a right to void the policy before the provision ever takes effect.

The Nelsons make two other arguments. Neither persuades. First, the Nelsons claim that Mrs. Nelson should still receive coverage because Kentucky law holds "that the homeowner's insurer may not deny coverage to an innocent spouse based on the wrong doing of the other spouse." R. 85-1 at 8 (citing *Am. Hardware Mut. Ins. Co. v. Mitchell*, 870 S.W.2d 783 (Ky. 1993)). This is an overstatement. Kentucky law does not provide any special protections to innocent spouses or affirmatively guarantee their ability to recover under a policy. In *Mitchell*, the Kentucky Supreme Court held that a wife could still receive coverage under a homeowner's policy, even though her husband intentionally burned the house down. 870 S.W.2d at 785. Critically, the insurer's attempt to deny coverage relied solely on the policy's terms, which excluded coverage for intentional losses. *See id.* at 786 (Leibson, J., dissenting). The Kentucky Supreme Court held that "an innocent spouse should not be denied coverage under any policy of insurance *simply because of the marital relationship*." 870 S.W.2d at 875 (emphasis added).

Here, Nationwide does not attempt to use the Nelsons' marriage to read terms into the policy. Instead, Nationwide invokes a statutory right of recission—one that renders the plan void from its inception. *See Rosing*, 891 F. Supp. at 381; *see also ProCorder*, 15 S.W.3d at 383 (voiding the policy "operates retroactively to the very time that the policy came into existence" (quotation omitted)). Kentucky courts have indicated that the right of rescission under section 304.14-110 applies to insured first parties like Mrs. Nelson. *See Corder*, 15 S.W.3d at 383 ("There is merit to the argument that KRS 304.14–110 allows rescission when applied to an injured insured." (citing *Crouch*)); *see also Nat'l Ins. Ass'n v. Peach*, 926 S.W.2d 859, 863 (Ky. Ct. App. 1996) (distinguishing between first-party claims where rescission would be allowed and innocent third-party claims where it would not be). And applying the right of rescission to Mrs. Nelson serves section 304.14-110's goal of encouraging "honest and forthright" insurance applications. *Crouch*, 706 S.W.2d at 207; *see also Lavender v. Am. Physicians Assur. Corp.*, No. 2003-CA-001544-MR, 2004 WL 2755878, at *6 (Ky. Ct. App. Dec. 3, 2004) ("It is fundamental that an insurer must have clear notice and full cognizance of the true facts to be bound by its policy." (internal quotation marks omitted)). Holding otherwise would create a huge loophole in the statute in cases where two parties are insured by the same policy. One insured could simply enter materially false information on the application and then the other insured, who did not fill out the application, could still collect on the improperly obtained policy. Kentucky case law does not support reading such a loophole into section 304.14–110. *See supra* at 3–4 (collecting cases articulating a broad right of rescission under KRS 304.14–110). Indeed, Kentucky courts have not allowed surviving spouses to recover under life insurance policies where the deceased spouse made a material misrepresentation in the application. *See, e.g.*,

7

*Bush v. S. Fin. Life Ins. Co.*, No. 2004-CA-000344-MR, 2005 WL 434575, at *2 & n.9 (Ky. Ct. App. Feb. 25, 2005) (citing Ky. Rev. Stat. § 304.14-110 and *Crouch*).

Second, the Nelsons try to characterize the policy as ambiguous. They do so by citing the disclaimer before the signature line on the Supplemental Application. R. 85-1 at 10. That declaration reads: "I understand that misrepresentation of information in the application could void some or all of my coverage[]." R. 8-1 at 2. The Nelsons argue that the use of the word "could," as opposed to "will," fails to "notify the applicant that a misrepresentation will unequivocally void certain coverage[]." R. 85-1 at 10. Therefore, they conclude, "the policy does not automatically provide that if misrepresentations are made, that coverage will be denied, or that the insurance carrier, Nationwide, is entitled to void any such coverage[] . . . ." *Id.* This reading stretches the policy further than the law allows. *See Powell–Walton–Milward*, 870 S.W.2d at 226–27 (a court may only construe a policy against an insurer if the reading that grants coverage is reasonable in light of the policy's plain language and the reasonable intent of the parties). Nothing in the disclaimer suggests that the policy should be construed in light of the disclaimer. The disclaimer is a single sentence written in broad terms to put the Nelsons on notice that they assumed a risk by including false information in their application. *See* 8-1. Treating the disclaimer as the controlling provision—when it is part of the application and not the policy itself—would subvert the entire structure of the policy. Kentucky law may construe policies in favor of the insured, but it does not allow the tail to wag the dog. *See U.S. Fire Ins. Co. v. Ky. Truck Sales*, 786 F.2d 736, 739 (6th Cir. 1986).

## CONCLUSION

When it comes to insurance applications, Kentucky law makes no distinction between honest mistakes and intentional lies. Unfortunately for the Nelsons, that means that a misrepresentation—even one made by carelessness—can be very costly. Accordingly, it is **ORDERED** as follows:

(1) The Plaintiff's motion for summary judgment, R. 84, is **GRANTED**. Judgment is entered in favor of the Plaintiff on the claims asserted in its complaint based on the material false statement in the insurance application.

(2) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

(3) Judgment in favor of the Plaintiff shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 14th of December, 2012.



Signed By:
*Amul R. Thapar*  AT
United States District Judge